To this holding I cannot agree, and respectfully enter my dissent.

The basis of the holding is Art. 803, P.C., which authorizes any peace officer to arrest, without warrant, any person found committing the offense of drunk driving.

It is my opinion that this statute extends no further than to specify new and additional offenses · for which arrests may be made without warrants, and in no event was it the intention of the legislature to extend, also, the powers of peace officers to act beyond their respective . territorial jurisdictions.

Art. 803, P.C., and Art. 212, C.C.P., authorizing peace officers to arrest without warrant for a felony and a breach of the peace, are not materially different, for each authorizes peace officers to make arrests without warrant. Art. 212, C.C.P., has

never by this court been given the construction as authorizing peace officers to make extrajurisdictional arrests.

The authorities, as well as the general rule, are to be found in my dissenting opinion in Minor v. State, Tex.Cr.App., 219 S.W.2d 467, to which I here adhere.

I freely admit that under present conditions some amendment and enlargement of the rights of officers should be made by the legislature, but the law should not be construed to meet the exigency of the occasion, and thereby encroach on legislative authority.

I respectfully record my dissent.

## WEIK v. STATE.

### No. 25003.

Court of Criminal Appeals of Texas.

Dec. 6, 1950.

None on appeal, for appellant.

George P. Blackburn, State's Atty., of Austin, for the state.

BEAUCHAMP, Judge.

The appeal is from a conviction for driving a motor vehicle while under the influence of intoxicating liquor, with a fine of fifty dollars.

The appellant waived a jury and pleaded "not guilty" before the court. The court found him guilty and assessed the punishment stated.

There are no bills of exception in the record. All the proceedings appear regular and the statement of facts contains testimony which supports the conviction. No question is presented for review.

The judgment of the trial court is affirmed.